IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

RANDALL LAMONT ROLLE,

    Plaintiff,

v.                                                              CASE NO. 4:14-cv-340-WS-GRJ

CHARLES PERRY, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

This case is before the Court for screening of Doc. 1, a civil rights complaint form completed by Plaintiff, a *pro se* former prisoner. Plaintiff was released from prison on July 2, 2014, and filed this case, along with three others, on the day of his release.[1] Plaintiff has also moved for leave to proceed as a pauper, Doc. 2.

Plaintiff claims his civil rights were violated at various times from October 25, 2002, to September 7, 2006. Plaintiff names nineteen defendants in this action, including: Officer Charles Perry, Investigator Ron McNeal, Sergeant Mike Womble, the Tallahassee Police Department, Judge James Hankinson, Judge Thomas Howell Bateman III, the Second Judicial Circuit, Inc., the Law Offices of Frank Sheffield, Inc., attorney Kenneth Joseph David, attorney David Collins, Assistant State Attorney Adam Ruiz, Assistant State Attorney Kathryn Ray, the offices of the State Attorney, Inc.,

---

[1]Plaintiff was unable to file these cases while he was incarcerated because he has previously been found to be a "three-striker," and thus was barred from filing further cases *in forma pauperis* during his incarceration. A review of the Court's PACER case locator reflects that Plaintiff filed over twenty lawsuits in federal court during his incarceration.

Assistant Attorney General Sherrie Tolar Rollinson, the Office of the Attorney General, Inc., Judge Richard W. Ervin, Judge Peter D. Webster, Judge Paul Mahlon Hawkes, and the First District Court of Appeal, Inc.

Plaintiff's complaint is 40 pages long, in violation of N.D. Fla. Loc. R. 5.1(J)(3), which provides that his complaint, including all attachments, must be no more than 25 pages in length.  It is also the hallmark of a shotgun pleading and conglomerates together many unrelated claims.  Further, some of Plaintiff's claims are against various defendants that are immune from suit, such as judges and state attorneys.  However, it is not necessary for Plaintiff to correct these deficiencies because his complaint suffers from numerous other fatal flaws, which require dismissal of the complaint.

A federal § 1983 claim is governed by the forum state's statute of limitations. *Burton v. City of Belle Glade*, 178 F.3d 1175, 1188 (11th Cir. 1999), *citing Owens v. Okure*, 488 U.S. 235, 249-50 (1989); *Wilson v. Garcia*, 471 U.S. 261, 276 (1985).  In Florida, "a plaintiff must commence a § 1983 claim . . . within four years of the allegedly unconstitutional or otherwise illegal act."  *Burton*, 178 F.3d at 1188, *citing Baker v. Gulf & Western Indus., Inc.*, 850 F.2d 1480, 1483 (11th Cir.1988).  Although the length of the limitations period is determined by state law, when a § 1983 action accrues is a question of federal law.  *Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th Cir. 1987) (and cases cited therein).  The statute of limitations begins to run when the facts supporting the cause of action are apparent or would be apparent to a reasonable person, and when the plaintiff knows or has reason to know of his injury.  *Id.*

In this case, Plaintiff clearly alleges that the violation of his rights occurred

beginning in 2002, and that he knew of the violations at that time. Doc. 1. The latest date that Plaintiff alleges in his complaint is September 2006. The instant case was filed on July 2, 2014, well beyond the four-year limitations period, even from the latest date alleged in his complaint. *Id*. Thus, Plaintiff's claims are barred by the statute of limitations. *See Clark v. Ga. Pardons and Paroles Bd*, 915 F.2d 636, 641 n.2 (11th Cir. 1990) (expiration of limitations period warrants dismissal as frivolous).

In light of the foregoing, it is respectfully **RECOMMENDED** that this case should be dismissed as time-barred pursuant to 28 U.S.C § 1915(e)(2)(B)(I), all pending motions should be **TERMINATED** and the case should be closed.

**IN CHAMBERS** at Gainesville, Florida, this 3rd day of July 2014.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.